FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT 28 P 4: 20

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BARRY J. STEINFELDER,** | * |
| **Plaintiff** | * |
| v. | * CIVIL No. 12-cv-2970-JKB |
| **CATLIN SPECIALTY INSURANCE COMPANY,** *et al.*, | * |
| **Defendants** | * |

* * * * * * * * * * * *

## MEMORANDUM

Barry J. Steinfelder ("Plaintiff") brought this suit against Catlin Specialty Insurance Company ("Catlin") and Ogilvie Security Advisors, Corp. ("Ogilvie" and, collectively with Catlin, "Defendants"), alleging breach of contract, fraud, civil conspiracy to commit fraud, violation of N.Y. INS. LAW § 2316, tortious interference with contractual relations, and seeking to recover attorneys' fees. Now pending before the Court is Plaintiff's motion for attorney's fees against Oglivie. (ECF No. 85). The issues have been briefed and no hearing is required.[1] Local Rule 105.6. For the reasons set forth below, Plaintiff's motion for attorney's fees will be DENIED.

### I. BACKGROUND

On August 27, 2012, Plaintiff filed his complaint in the Circuit Court of Maryland for Baltimore County. On October 5, 2010, Defendants removed the case to this Court. On November 12, 2012, Defendants filed separate motions to dismiss (ECF Nos. 27, 28). On May

---

[1] Consistent with its March 29, 2013 notice of filing form BDW, cessation of active business operations and intent not to defend (ECF No. 47), Oglivie has not filed a response to Plaintiff's motion.

1

15, 2013, the Court issued a memorandum and order ruling on Defendants' motions to dismiss. (ECF Nos. 50, 51).

On March 29, 2013, Ogilvie filed with the Court a notice that it no longer intends to provide a defense in this litigation. (ECF No. 47). As part of that filing, Oglivie submitted its December 17, 2012 uniform request for withdrawal from broker-dealer registration (ECF No. 47-1) and a January 10, 2013 letter from the U.S. Securities and Exchange Commission acknowledging the filing of the uniform request for withdrawal (ECF No. 47-2). On July 18, 2013, Plaintiff filed a motion for the Clerk's entry of default against Ogilvie (ECF No. 62) and a motion for default judgment against Ogilvie (ECF No. 63). On the same day, Plaintiff filed certificates of service reflecting that copies of both default-related motions were served on Ogilvie's custodian of records. On August 13, 2013, the Clerk entered an order of default against Ogilvie. (ECF No. 73). On September 3, 2013, this Court granted Plaintiff's motion for default judgment in part and denied it in part. (ECF No. 76). On October 4, 2013, Plaintiff filed the motion for attorney's fees currently before the Court. (ECF No. 85).

## II. ANALYSIS

As Plaintiff notes, "the general rule in federal courts is that a prevailing party may not recover their respective counsel fees." (ECF No. 85-1 at 4) (citing *Roadway Exp., Inc. v. Piper*, 477 U.S. 752, 765 (1980); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *National Cas. Co. v. Lockheed Martin Corp.*, 799 F.Supp.2d 537, 542 (D. Md. 2011)). Plaintiff argues that he is nonetheless entitled to recover attorney's fees under the bad faith exception to this general rule, which provides that a court may award attorney's fees against a losing party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co.*, 421 U.S. at 258-59. The Court disagrees.

2

Plaintiff alleges that Oglivie's actions "were performed with the clear purpose of delaying the litigation of this matter. Specifically, Oglivie intended that Plaintiff incur significant attorney's fees and costs through litigation in Federal Court and then, without any notice, suddenly withdraw from the matter and abandon its defense." (ECF No. 85-1 at 5).

The Court recognizes that more than three months elapsed between the time Oglivie filed its request to withdraw its broker-dealer registration with FINRA and March 29, 2013, when Oglivie informed the Court that it was ceasing business operations and no longer intended to defend this action. However, Oglivie's actions do not represent "vexatious and wanton" conduct. (ECF No. 85-1 at 9).

During this three-month period, Oglivie filed a reply in support of its motion to dismiss and an opposition to Plaintiff's motion for leave to amend the complaint. (ECF No. 43). The Court granted Oglivie's motion to dismiss in part and denied it in part and also granted Plaintiff's motion to amend. (ECF No. 50). Oglivie's filings all represented a good faith effort to defend this action. This effort is not a result of bad faith merely because Oglivie subsequently stopped defending this action as a result of ceasing business activities. As a result, the Court finds that Plaintiff has failed to show it is entitled to attorney's fees.

## IV. CONCLUSION

Accordingly, an order shall issue DENYING Plaintiff's motion for attorney's fees.

3

Dated this 28 day of October, 2013

BY THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge